## Case No. 2,766.

### The CITY OF PARIS.

[1 Ben. 529.][1]

District Court, E. D. New York. Nov., 1867.

COLLISION—APPLICATION BY INSURERS TO BE MADE CO-LIBELANTS.

1. Where a libel was filed by the owners of a schooner, which was sunk in a collision, to recover for her loss, and contained the allegation that it was filed "in behalf of the libellants and all parties having a common right of action arising out of the collision, who may intervene as co-libellants, or otherwise;" and, after a decree for libellants, and while the reference to ascertain the damages was pending, insurers, who had paid a loss on the cargo, applied to the court on petition to be made co-libellants; Held, that, as no injustice would be caused to the claimants, the application would be granted, although the court saw no necessity for, or advantage in, the proceeding.

2. That a special reference must be had, to take and report to the court the evidence produced by the petitioners to show their right to participate in the decree, and any evidence in opposition.

[Cited in The City of New York, 25 Fed. 153.]

This case came before the court upon a petition presented under the following circumstances: The libel was filed by Henry P. Simmons and other owners of the schooner Percy Heilner, to recover of the owners of the steamer City of Paris the damages arising out of a collision which occurred in the harbor of New York, on the 14th day of April, 1866, and averred that it was filed "in behalf of the libellants and all parties having a common right of action arising out of the collision hereinafter mentioned, who may intervene as co-libellants or otherwise." It also set out the amount and value of the cargo on board the schooner, and averred that the same was being transported by the schooner as a common carrier, and prayed that the libellants might recover the value of the cargo, freight, and vessel, as the damages sustained by reason of the collision. Upon this libel, and an answer denying these averments, the cause went to a hearing upon the merits, no

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

other person having applied to be allowed to intervene as co-libellant or otherwise. Upon the hearing, an interlocutory decree was made in favor of the libellants, and a reference ordered to ascertain and report the amount of damages sustained by the libellants in the collision in question. [Case No. 2,765.] Pending the reference, the Delaware and Mutual Safety Insurance Companies appeared before the court, and petitioned to be joined as co-libellants in the action, upon the ground that they were the insurers of the cargo on board the schooner, and, as such, paid to the owners of the cargo the amount of their insurance upon said coal as for a total loss, whereby they claimed to have become substituted in the place of said owners of the cargo, and entitled to recover of the City of Paris the value thereof.

BENEDICT, District Judge. In actions of damage, where there are claims for injury to both vessel and cargo, the more usual, and, as heretofore generally considered, the better practice, has been to bring separate actions in behalf of the various parties entitled to recover, which actions are directed to be heard together upon the question of liability for the collision, separate decrees being rendered, and, in case of recovery, separate references ordered. Such is also the practice in the English admiralty, although there it is usual to formally consolidate the actions for the purpose of the main hearing, and to dissever them before proceeding with the reference. Lown. Col. p. 209; Coote, Adm. p. 26. A single action in the name of the owners of the vessel, as owners and as carriers of the cargo, is, in this country, also of frequent occurrence, and I know of no case where injustice or inconvenience has followed either of the methods referred to. The practice now proposed in this case seems to be considered to be now necessary, by reason of the decision of the supreme court in the case of The Commander in Chief, 1 Wall. [68 U. S.] 43, but I do not understand that decision to compel any change in the practice. That case decides that, in causes of damage, when timely objection is not taken to the parties libellants, the owners of the injured ship will be allowed to recover for injury both to the ship and her cargo; and that when such an action has been carried to a decree in rem, for the injury to cargo as well as vessel, upon a seizure of the vessel proceeded against, and due notice thereof, according to the course of the admiralty, a court of admiralty will not entertain a second action in behalf of the owners of the cargo; but, if necessary for the purpose of justice, will protect the interests of such owners in the distribution of the proceeds of the decree, rendered in the suit of the owners of the ship. This seems to me the extent of the decision, and, so construed, its correctness cannot well be doubted. See, also, The Ilos, Swab. 100. But while I do not understand the effect of this decision to

be to compel a joinder of all parties injured by a collision, as parties libellants in one action, the remarks of the court clearly indicate an opinion that such a joinder may well be made, and it will therefore be permitted in the present case, though I confess that I do not see the necessity or advantage of the proceeding. According to the opinion in the case of The Commander in Chief, the interests of the petitioner, in any amount which may be recovered by the owners of the schooner for cargo on board, can be protected in the distribution of the proceeds on the stipulation given; or, inasmuch as the action of the owners of the schooner has been conducted without publication of the usual notice of seizure, and has proceeded no further than an interlocutory decree, a second action for the loss to the cargo might, at this stage, be instituted in the names of the petitioners. There may, however, be reasons which are not disclosed. which render the practice proposed desirable in this case, and, as no injustice will be caused to the claimants by allowing it, an order may be entered to join the petitioners as co-libellants, according to their prayer; but it must be accompanied by a special order of reference, directing the commissioner, before whom the reference is pending, to take and report to the court, with his opinion thereon, such lawful evidence as the petitioners shall produce, to establish their right to participate in the decree, together with any evidence which the claimants may produce by way of defence to the demand.